## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

  vs.

DALE V. SCHULZ,

      Defendant.

Civil Action No.


**COMPLAINT**

Plaintiff Securities and Exchange Commission ("SEC" or "Commission") alleges:

### NATURE OF THE ACTION

1.     Defendant Dale V. Schulz ("Schulz") aided and abetted violations of the securities laws by signing audit confirmation letters pertaining to U.S. Foodservice ("USF"), a wholly-owned subsidiary of Koninklijke Ahold N.V. ("Royal Ahold" or "Ahold"), that Schulz knew, or was reckless in not knowing, were materially false.

2.     Ahold is a publicly-held company organized in The Netherlands with securities registered with the SEC pursuant to Section 12(b) of the Securities Exchange Act of 1934 ("Exchange Act").  Ahold's securities trade on the New York Stock Exchange and are evidenced by American Depositary Receipts.

3.     On or about October 17, 2003, Ahold filed its Form 20-F for the fiscal year ended December 29, 2002, which contained restatements for the fiscal years 2000 and 2001, corrected accounting adjustments for fiscal year 2002, and restated amounts for fiscal years 1998 and 1999 included in the five-year summary data.   The restatements indicate that, in its original SEC filings and other public statements, Ahold had overstated:  (a) net income by approximately

17.6%, 32.6%, and 88.1% for the fiscal years 2000, 2001 and first three quarters of 2002, respectively; (b) operating income by approximately 28.1%, 29.4%, and 51.3% for the fiscal years 2000, 2001 and first three quarters of 2002, respectively; and (c) net sales by approximately 20.8%, 18.6%, and 13.8% for the fiscal years 2000, 2001 and 2002, respectively. Accordingly, Ahold made materially false and misleading statements in SEC filings and in other public statements for at least fiscal years 2000 and 2001, as well as for the first three quarters of 2002.

4.    One reason for these misstatements was a large-scale fraud at Ahold's subsidiary, USF, a foodservice and distribution company with headquarters in Columbia, Maryland. The majority of USF's operating income was based on payments by its vendors (referred to herein as "promotional allowances"). USF executives engaged in a scheme that materially inflated the amount of promotional allowances recorded by USF and reflected in operating income on USF's financial statements, which were included in Ahold's Commission filings and other public statements.

5.    USF executives also provided their independent auditors with false and misleading information and personnel at many of USF's major vendors falsely confirmed overstated promotional allowances to the auditors in connection with year-end audits. Schulz provided substantial assistance in this process by signing a materially false audit confirmation letter.

6.    The overstated promotional allowances aggregated at least $700 million for fiscal years 2001 and 2002 and caused Ahold to report materially false operating and net income for those and other periods.

## JURISDICTION AND VENUE

7.    The SEC brings this action pursuant to Sections 21(d) and 21(e) of the Exchange Act [15 U.S.C. §§ 78u(d) and 78u(3)].

8.    This Court has jurisdiction over this action pursuant to Sections 21(e) and 27 of the Exchange Act [15 U.S.C. §§ 78u(e), 78u-1(a)(1) and 78aa]. Defendant directly or indirectly made use of the means or instrumentalities of interstate commerce, or of the mails, or the facilities of a national securities exchange in connection with the transactions, acts, practices and courses of business alleged herein. Certain transactions, acts, practices and courses of business that are the subject of this action, including Ahold's filing of materially false and misleading statements with the SEC located in the District of Columbia, occurred within this District, and venue is proper pursuant to Section 22(a) of the Securities Act and Section 27 of the Exchange Act.

## DEFENDANT

9.    Dale V. Schulz is a food broker who represents Dakota Growers, which sold various products to USF. Schulz currently resides in Minneapolis, Minnesota.

## STATEMENT OF FACTS

10.    USF, a foodservice and distribution company with headquarters in Columbia, Maryland, is a wholly-owned subsidiary of Ahold. USF engaged in a scheme to report earnings equal to or greater than its targets, regardless of the company's true performance. The primary method used to carry out this fraudulent scheme was to improperly inflate USF's promotional allowance income and record completely fictitious promotional allowances sufficient to cover any shortfall from budgeted earnings.

3

11.    The audit confirmation process at USF was systematically corrupted to help keep the fraud from being discovered.  To hide the truth from the auditors, who attempted to confirm with the vendors the promotional allowance amounts paid and owed, USF convinced vendors like Schulz to sign audit confirmation letters even though the vendors knew, or were reckless in not knowing, that the letters were false.

12.    The promotional monies earned, paid and receivable stated in the confirmations were grossly inflated and in many cases were simply fictitious, having no relationship to the actual promotional allowances earned, paid or receivable.

13.    USF personnel contacted vendors and urged them to sign and return the false confirmation letters.  In some cases, USF personnel pressured the vendor by, for example, falsely representing that the confirmation was just "an internal number" and that USF did not consider the receivable reflected in the confirmation to be an actual debt that it would seek to collect.  In other instances, USF personnel sent side letters to vendors, assuring them that they did not, in fact, owe USF amounts reflected as outstanding in the confirmation letters.

14.    Schulz knowingly provided substantial assistance to USF executives by signing and sending to USF's independent auditors materially false confirmation letters.  For the audit of the year ending December 28, 2002, Schulz received a confirmation letter from USF stating, in part:

> In connection with the audit of our financial statements of U.S. Foodservice, Inc. (USF) for the year ended December 28, 2002, please confirm directly with our auditors, Deloitte & Touche, LLP, 100 South Charles Street, 12th Floor, Baltimore, Maryland 21201, the following with respect to Marketing and Merchandising Allowances offered by you to U.S. Foodservice as of December 28, 2002:

| | |
|---|---|
| Balance due to USF at December 29, 2001: | $ 5,406,632 |
| Less:  Payments/Deductions made/allowed during 2002 | (12,177,247) |
| Plus:  Allowances earned during 2002 | 25,700,000 |

4

| Ending Balance due to USF at December 28, 2002 | $ 18,929,385 |
|---|---|

At the end of the letter, and directly underneath the sentence "THE ABOVE INFORMATION IS CORRECT AS OF DECEMBER 28, 2002, except as noted below:" Schulz signed the letter without noting any exception and returned the letter to USF's independent auditors.

15.    The amounts reflected as "Allowances earned during 2002" and "Ending Balance due to USF at December 28, 2002" were overstated by more than 100 percent and other amounts in the letter were also materially overstated.

16.    When Schulz signed the 2002 audit confirmation letter, he knew or was reckless in not knowing the information he was confirming in the letter was materially false.

17.    For the audit of the year ending December 29, 2001, Schulz received a confirmation letter from USF.  It stated, in part:

> In connection with the audit of our financial statements of U.S. Foodservice, Inc. (USF) for the year ended December 29, 2001, please confirm directly with our auditors, Deloitte & Touche, LLP, 100 South Charles Street, 12th Floor, Baltimore, Maryland 21201, the following with respect to Marketing and Merchandising Allowances offered by you to U.S. Foodservice as of December 29, 2001:

| Balance due to USF at December 30, 2000: | $ 3,248,000 |
|---|---|
| Less:  Payments/Deductions made/allowed during 2001 | (2,031,159) |
| Plus:  Allowances earned during 2001 | 4,184,790 |
| Ending Balance due to USF at December 29, 2001 | $ 5,401,632 |

At the end of the letter, and directly underneath the sentence "THE ABOVE INFORMATION IS CORRECT AS OF DECEMBER 29, 2001, except as noted below:" Schulz signed the letter without noting any exception.   Schulz then returned the letter to USF's independent auditors.

18.    The amounts reflected as "Allowances earned during 2001" and "Ending Balance due to USF at December 29, 2001" were overstated by more than 100 percent and other amounts in the letter were also materially misstated.

19.    When Schulz signed the 2001 audit confirmation letter, he knew or was reckless in not knowing that the information he was confirming in the letter was materially false.

20.    By signing the materially false audit confirmation letters, Schulz knowingly provided substantial assistance to the fraud at USF and helped conceal the fraud from the company's auditors.

21.    As a result of the schemes described above, USF materially overstated its operating income during at least fiscal years 2001 and 2002 and made false and misleading statements in filings with the Commission and other public statements.

## FIRST CLAIM FOR RELIEF

### Fraud

Aiding and Abetting Violations of Section 10(b) of the Exchange
Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R.
§ 240.10b-5]

22.    Paragraphs 1 through 21 are re-alleged and incorporated by reference.

23.    By reason of the foregoing, defendant knowingly provided substantial assistance to another who directly or indirectly, acting intentionally, knowingly or recklessly, by use of the means or instrumentalities of interstate commerce or of the mails, in connection with the purchase of securities:  (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of material fact or omitted to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) engaged in acts, practices or courses of business which operated as a fraud or deceit upon other persons.

6

24.    By reason of the foregoing, defendant aided and abetted, and unless enjoined will continue to aid and abet, violations of Section 10(b) of the Exchange Act, and Exchange Act Rule 10b-5.

## SECOND CLAIM FOR RELIEF

### Violations of Section 13(a) of the Exchange Act
[15 U.S.C.§ 78m(a)]

25.    Paragraphs 1 through 24 are re-alleged and incorporated by reference.

26.    The Exchange Act and rules promulgated thereunder require every issuer of a registered security to file reports with the SEC that accurately reflect the issuer's financial performance and provide other true and accurate information to the public.

27.    By reason of the foregoing, defendant aided and abetted violations of Section 13(a) of the Exchange Act.

## THIRD CLAIM FOR RELIEF

### Record Keeping

### Aiding and Abetting Violations of Sections 13(b)(2)(A), 13(b)(2)(B) and 13(b)(5) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A),78m(b)(2)(B), and 78m(b)(5)] and Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1] Thereunder

28.    Paragraphs 1 through 27 are re-alleged and incorporated by reference.

29.    The Exchange Act and rules promulgated thereunder require each issuer of registered securities to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the business of the issuer and to devise and maintain a system of internal controls sufficient to provide reasonable assurances that, among other things, transactions are recorded as necessary to permit preparation of financial statements and to maintain the accountability of accounts.

30.    By reason of the foregoing, defendant aided and abetted, and unless enjoined will continue to aid and abet, violations of Sections 13(b)(2)(A), 13(b)(2)(B), and 13(b)(5) of the Exchange Act and Rule 13b2-1.

## PRAYER FOR RELIEF

WHEREFORE, the SEC respectfully requests that this Court enter a judgment:

    a)  permanently enjoining defendant from aiding and abetting any violations of Sections 10(b), 13(a), 13(b)(2)(A), 13(b)(2)(B), and 13(b)(5) of the Exchange Act and Exchange Act Rules 10b-5 and 13b2-1;

    b)  ordering defendant to pay civil monetary penalties pursuant to Section 21(d)(3) of the Exchange Act in respect of his violations; and

    c)  granting such other relief as this Court may deem just and appropriate.

Dated:  November __2__, 2005

                                     Respectfully submitted,

                                     Charles D. Stodghill (DC Bar No. 256792)
                                     Scott W. Friestad
                                     James T. Coffman
                                     Roger Paszamant
                                     Mathew B. Greiner (DC Bar No. 448480)

                                     Attorneys for Plaintiff
                                     Securities and Exchange Commission
                                     100 F Street, N.E.
                                     Washington, DC  20549
                                     Telephone:  (202) 551- 4413 (Stodghill)
                                     Facsimile:  (202) 772-9230 (Stodghill)